UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD D. ELSENSOHN                                    CIVIL ACTION

VERSUS                                                 NO. 09-2759

JEFFERSON PARISH COMMUNITY                             SECTION: "F"(3)
CORRECTIONAL CENTER, ET AL.

# REPORT AND RECOMMENDATION

Plaintiff, Donald D. Elsensohn, a state prisoner, filed the instant complaint pursuant to 42 U.S.C. § 1983 against the Jefferson Parish Community Correctional Center and the "Nursing Staff" of that facility.[1] The Court notified plaintiff that those defendants were improper and afforded him an opportunity to file an amended complaint to name a proper defendant or defendants.[2] To assist him in that regard, the Court subpoenaed plaintiff's medical records and provided him with copies.[3] Plaintiff thereafter filed an amended complaint naming as defendants J. Llovet, Mrs. Brenda, Mrs. C. Chenely, Mrs. D. Griffi, C. Laurencea, "Slanlp," Mrs. Helerbearge, Mr. Reneea, and Mr. E. Olsen.[4]

## I. Plaintiff's Allegations

In May of 2008, plaintiff was incarcerated at the Jefferson Parish Community Correctional Center. Because the intake screening nurse disregarded plaintiff's statement that he had back surgery in 1991, he was assigned to working dorm. Due to improper supervision, plaintiff injured

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 12.

[3] Rec. Docs. 16-19.

[4] Rec. Doc. 20.

his back and knee while emptying a trash cart while working in the warehouse. He sought medical care for his injuries, but the nurse on duty performed only a cursory examination, gave plaintiff two ibuprofen tablets, and told him to return to his dorm. Plaintiff believes that he should have been placed in the medical dorm and given a more thorough examination and x-rays. After only a few days for recovery, he was ordered to resume working at his prison job. Nurses were verbally abusive to him, and he was not examined by a physician until three weeks after his injury. Further, even after the physician prescribed medications, the nurses occasionally failed to give plaintiff those medications.

## II. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;

>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[5] the Court nevertheless finds that the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

### III. Improper Defendants

In the original complaint, plaintiff named the "Jefferson Parish Community Correctional Center" as a defendant. However, "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); see also Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976). Accordingly, the "Jefferson Parish Community Correctional Center" is an improper defendant, and the claim against that defendant should be dismissed.

In the original complaint, plaintiff also named the jail's "Nursing Staff" as a defendant. However, a § 1983 action must be filed against an actual identified person. Therefore, the "Nursing Staff" is an improper defendant, and the claims against that non-entity should be dismissed. Carter v. Strain, Civ. Action No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009); August v.

---

[5] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).

### IV. Mrs. Helerbearge, Mr. Reneea, and Mr. E. Olsen

In the amended complaint, plaintiff named as defendants the warehouse guards, Mrs. Helerbearge and Mr. Reneea, and the warehouse captain, Mr. E. Olsen. Plaintiff complains that those defendants failed to properly supervise the inmates working in the warehouse. Plaintiff speculates that it was the inadequate supervision which resulted in the trash cart falling and injuring him.

At best, those allegations would support nothing more that a negligence claim. However, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)). Therefore, plaintiff's negligence claim simply is not cognizable under § 1983.[6]

---

[6] The United States Supreme Court expressly noted as much in Daniels v. Williams, 474 U.S. 327 (1986). In that § 1983 case involving an accidental fall allegedly caused by a jail official's negligence, the inmate argued that such negligence violated his Fourteenth Amendment "liberty" interest in freedom from bodily injury without due process of law. Rejecting that claim, the Supreme Court noted: "Lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. at 332. The Supreme Court held:

5

## V. Remaining Defendants

Plaintiff's remaining claims are against six jail nurses identified as J. Llovet, Mrs. Brenda, Mrs. C. Chenely, Mrs. D. Griffi, C. Laurencea, and "Slanlp." For the following reasons, the Court finds that the claims against those defendants should likewise be dismissed.

Plaintiff's first claim is that the nurse who performed the initial intake screening improperly disregarded plaintiff's statement that he had back surgery in 1991, some seventeen years prior to his incarceration. Plaintiff argues that had the nurse given due consideration to that statement, he would never have been assigned to a working dorm. The Court notes that plaintiff's back problems were in fact expressly noted during the intake process. On the "Intake Screening" form completed on May 5, 2008, plaintiff's current medical problems were noted to include "Back Pain Ruptured Disc." Additionally, on the "Health History" form completed on May 15, 2008, the nurse noted the prior surgery.[7] However, even if that information was sufficient to put the nurse on notice that plaintiff should not have been assigned to a work detail, a contention which seems speculative at best,[8] her

---

> Jailers may owe a special duty of care to those in their custody under state tort law, but ... we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept. Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail. Whatever other provisions of state law or general jurisprudence he might rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy.

Id. at 335-36 (citation omitted).

[7] Plaintiff attached copies of the "Intake Screening" and "Health History" forms to his amended complaint.

[8] In his amended complaint, even plaintiff acknowledges: "My, pre-existing surgery, was done in 1991 (the year), an [sic] was doing quite fine, untill [sic] my work injury in Jeff. Parish Jail (Gretna La)." Rec. Doc. 20, p. 7.

failure to provide such an accommodation would again constitute nothing more than negligence. As previously noted, such negligence simply is not actionable under § 1983.

Plaintiff's next claim is that he was provided inadequate medical care after his accident. It is clear that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In this case, plaintiff simply cannot show the required deliberate indifference to support a constitutional claim. The medical records attached to his amended complaint show that timely medical care was provided following the accident. Those records reflect that plaintiff was seen in the jail clinic on May 14, 2008. That examination revealed only a "very small abrasion" and "reddish swollen area" on plaintiff's back. Plaintiff was able to stand, ambulate, turn, and undress

7

without difficulty. Therefore, the nurse instituted the "musculoskeletal protocol for pain," which included the administration of Percogesic, a pain medication, and she ordered that plaintiff be excused from his work detail for two days. On May 21, 2008, plaintiff was additionally prescribed Naprosyn, another pain medication. He was then seen again in the clinic for a follow-up visit on May 27, 2009, at which time he complained of continued pain. The nurse practitioner was notified, and she assessed the injury and ordered that plaintiff be given Flexeril, a muscle relaxant, twice a day for two weeks. Thereafter, plaintiff continued to complain of pain, and the nurse ordered that he no longer be required to work at the jail. However, on June 17, 2008, plaintiff complained that he wanted to work, reporting that he was fine and that the Flexeril "helped a lot." The nurse noted that plaintiff was able to bend and touch his toes and that the "acute musculoskeletal pain [was] resolved." The Court finds that these records demonstrate that plaintiff received continued health care and treatment for his injuries and clearly disprove any allegation of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

Moreover, plaintiff's dissatisfaction and disagreements regarding his medical treatment are of no moment. As the United States Fifth Circuit Court of Appeals has noted: "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Furthermore, the decision whether to provide additional treatment is a classic

example of a matter for medical judgment." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (footnote and quotation marks omitted).[9]

It also is immaterial that defendants may not have provided plaintiff with the *best* medical care available. The fact that a prisoner's medical treatment "may not have been the best money could buy" is simply insufficient to establish a constitutional violation. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert, 463 F.3d at 349 ("deliberate indifference exists wholly independent of an optimal standard of care"); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978) (the applicable legal standard is not whether an inmate was provided the "optimum" or "best" medical care available). Rather, as noted, the applicable test is whether defendants were *deliberately indifferent* to plaintiff's serious medical needs. For the reasons previously stated, it is evident that they were not.

The Court next notes that plaintiff also complains that the nurses at times failed to give him his medication as prescribed. Even if that is true, it is not actionable. It is clear that occasional missed doses of medication do not rise to the level of a constitutional violation. See Williams v. Cearlock, 993 F.Supp. 1192, 1196 (C.D. Ill. 1998); see also West v. Millen, 79 Fed. App'x 190, 194 (7th Cir. 2003); Oden v. Conklin, No. 94-2504, 1995 WL 632467, at *1 (7th Cir. Oct. 25, 1995); Mayweather, 958 F.2d at 91; Kennedy v. Gusman, Civ. Action No. 06-5274, 2007 WL 1302554,

---

[9] The Court notes that in particular plaintiff complains about the fact that his injuries were not x-rayed. However, a decision on whether x-rays are needed is a matter of professional judgment, and, as such, is not lightly second-guessed in a federal civil rights action. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[T]he question of whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under [state tort law].").

at *5 n.9 (E.D. La. May 2, 2007); Boutte v. Bowers, No. 3:01-CV-1084-G, 2001 WL 1041761, at *3 (N.D. Tex. Aug. 30, 2001).

Lastly, plaintiff complains that the nurses were verbally abusive. Again, even if that is true, it is clear that verbal abuse simply does not give rise to a claim cognizable pursuant to 42 U.S.C. § 1983. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983 ...."); see also Westbrook v. Treon, 78 Fed. App'x 970, 972 (5th Cir. 2003); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993); Harvey v. Thompson, Civ. Action No. 08-3850, 2009 WL 604887, at *9 (E.D. La. Mar. 4, 2009).

State Law Claims

Out of an abundance of caution, the Court notes that, to the extent that he may be attempting to do so, plaintiff should not be allowed to pursue state law claims in this federal court. When a plaintiff's federal claims are dismissed, it is appropriate for the federal court to decline to exercise supplemental jurisdiction over his state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this first day of December, 2009.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[10] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.